UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD BROWN,

                                             Petitioner,

          -vs-

ISRAEL RIVERA, Superintendent,
Coxsackie Correctional Facility, and
ELIOT SPITZER, Attorney General,
State of New York,

                                             Respondents.

**No. 6:06-cv-06274-MAT**
**DECISION AND ORDER**

_____

## I. Introduction

Edward Brown ("Petitioner" or "Brown") filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his May 3, 1996 conviction, following a jury trial in Monroe County Court (Maloy, J.) of New York State, on one count of second-degree (intentional) murder. On July 23, 2009, this Court issued a Decision and Order denying Brown's request for a writ of habeas corpus, dismissing the Petition, and denying a certificate of appealability. Brown filed a notice of appeal with the United States Court of Appeals for the Second Circuit but did not pay the filing fee. The Second Circuit sua sponte issued an order to show cause on October 28, 2009, why the appeal should not be dismissed for failure to pay the required filing fee. After Brown failed to respond, the Second Circuit

dismissed his appeal on April 12, 2010.

On June 30, 2019, Brown filed the instant pro se motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion"). For the reasons discussed herein, the Court denies the Rule 60(b)(6) Motion.

**II. Discussion**

    **A.   Rule 60(b)(6) in the Habeas Context**

The United States Supreme Court has held that Rule 60(b) applies in the habeas context. Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). Rule 60(b)(6), the particular provision under which Brown asserts his motion, permits reopening of the judgment when the "movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Id. at 529-30.

Regardless of how it is labeled, a petitioner's Rule 60(b) motion for relief from the denial of a habeas petition may, in certain circumstances, be considered a second or successive habeas petition under 28 U.S.C. § 2244(b)(1). See Gonzalez, 545 U.S. at 531. In Gonzalez, the Supreme Court explained that a motion for relief from judgment seeking to advance one or more substantive claims following denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in petition, or seeking

relief due to a purported change in substantive law since the petition was denied, is properly classified as a "second or successive habeas petition," requiring authorization under 28 U.S.C. § 2244(b)(3)(A). Id.

On the other hand, a Rule 60(b) motion challenges "the integrity of the federal habeas proceedings," and is thus properly brought under this rule, when it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzalez, 545 U.S. at 532 n.4. For example, in Rodriguez, the Second Circuit held that a habeas petitioner's claim that his state trial attorney made fraudulent representations to the federal district court and that the respondent fraudulently concealed that he had deposed the trial attorney related to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial. 252 F.3d at 199. The Second Circuit explained that "[t]hese grounds, if proven, would simply result in the reopening of the federal habeas proceeding—not in the vacating of the state criminal judgment." Id. And in Gonzalez, the Supreme Court held that the petitioner's Rule 60(b) motion "challenge[d] only the District Court's previous ruling on the AEDPA[1] statute of limitation," and thus was "not the

---

[1] The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

equivalent of a successive habeas petition." 545 U.S. at 535-36.

It bears emphasizing that "[a] motion to reopen a habeas proceeding under Rule 60(b) is permissible where it 'relates to the integrity of the federal habeas proceeding, <u>not</u> to the integrity of the state criminal trial.'" <u>Brown v. Ercole</u>, 563 F. App'x 821, 822 (2d Cir. 2014) (unpublished opn.) (quoting <u>Rodriguez v. Mitchell</u>, 252 F.3d 191, 199 (2d Cir. 2001); citing <u>Gonzalez v. Crosby</u>, 545 U.S. at 538; emphasis supplied). "The remedy, if granted, is simply 'the reopening of the federal habeas proceeding.'" <u>Brown</u>, 563 F. App'x at 822 (quoting <u>Rodriguez</u>, 252 F.3d at 199).

To properly characterize Brown's Rule 60(b)(6) Motion, the Court must determine if it advances one or more new "claims" for relief from a State court's judgment of conviction. See <u>Gonzalez</u>, 545 U.S. at 531. The Supreme Court explained that "[a] motion that seeks to add a new ground for relief . . . will of course qualify" as a second or successive petition, while "[a] motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." <u>Id.</u> (footnote omitted).

**B.  Grounds for the Rule 60(b)(6) Motion**

Brown raises several argument points in his Rule 60(b)(6)

-4-

Motion. The Court summarizes them below and addresses whether they relate to the integrity of the habeas proceeding or related to the integrity of the State criminal trial and, as such, are new "claims" outside of Rule 60(b)'s scope.

### 1. Respondent's Alleged Failure to Comply with Rule 5 of the Rules Governing § 2254 Proceedings.

Brown asserts that "extraordinary circumstances exist where petitioner has discovered-post judgment that improper and prejudicial conduct identified as failure to comply with the Court's Rule 5 order presenting an incomplete state court record in the prior habeas proceeding was committed by the respondent[.]" Rule 60(b)(6) Motion at 2. Specifically, Brown points to the Court's July 31, 2006 Order directing Respondent to "provide the Court the transcripts of the proceedings, (pre-trial, trial), together with any record(s) of such proceedings[.]" Brown contends that Respondent "failed to comply with this Order where it failed to file a complete State Court Record containing Jury Notes #7 and #8, presented herein as [Exhibits K and L], respectively." Rule 60(b)(6) Motion at 3 (brackets in original). According to Brown, Respondent's "filing an incomplete State Court Record, made compliance with Habeas procedural rules impracticable in the prior proceeding, therein affecting the integrity of that proceeding." Id. at 5.

As an initial matter, motions brought under clause (6) of Rule 60(b) must be filed "within a reasonable time." FED R. CIV. P. 60(b).

Ten years from the date judgment was entered is clearly not a reasonable time. See Rodriquez, 252 F.3d at 201 ("We do not think that three and one-half years from the date judgment was entered [dismissing the habeas petition] is a reasonable time [for purposes of Rule 60(b)(6)]."). Even if the motion were timely filed, it still fails because "[r]elief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances," First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda, 877 F.2d 189, 196 (2d Cir. 1989) (internal quotation marks omitted). Brown has failed to allege any such circumstances.

Furthermore, in ground one, Brown has not identified an error that affects the integrity of the habeas proceeding because in his Petition, he raised no claims for habeas relief based on jury selection, jury deliberations, or the trial court's or trial counsel's handling of any juror-related issues. Therefore, the absence of the two jury notes from the State court records did not detract from the Court's ability to fully consider the merits of his habeas petition in 2009.

### 2. Ineffective Assistance of Trial Counsel

Brown contends that the jury notes referenced above were submitted to County Court Judge Maloy on March 12, 1996, but were not read in open court which was a violation of New York Criminal

Procedure Law ("CPL") § 310.30.[2] He faults his trial counsel for failing to preserve this error by way of objection, which resulted in Brown being unable to argue this claim on direct appeal. Brown contends that had trial counsel objected to this error, he would have been entitled to "automatic reversal of his conviction, where Judge Maloy conducted ex-parte communications with the deliberating Jury concerning 'fear & apprehension', which constitutes improper and prejudicial conduct" under People v. O'Rama, 78 N.Y.2d 270 (1991).[3] See Rule 60(b)(6) Motion at 7.

This argument plainly attacks the integrity of Brown's State criminal trial and has nothing to do with the integrity of the Federal habeas proceeding. Therefore, it constitutes a new "claim"

---

[2] CPL § 310.30 provides in relevant part as follows:

At any time during its deliberation, the jury may request the court for further instruction or information with respect to . . . to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper. . . .

N.Y. CRIM. PROC. LAW § 310.30.

[3] In People v. O'Rama, the New York Court of Appeals construed CPL § 310.30 to require that, "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel." 78 N.Y.2d at 277-78. "[T]here is no corollary requirement to CPL § 310.30 under federal law." Jones v. Annucci, 124 F. Supp.3d 103, 130 (N.D.N.Y. 2015) ("[A]ny alleged error in the court's handling of the jury notes was solely a violation of state law, beyond the purview of this Court, and not a constitutional violation.") (citing Cornado v. Bellnier, No. 10-CV05265, 2012 WL 6644637, at *5-6 (S.D.N.Y. Sept. 20, 2012) ("A claim premised on a violation of [CPL § ] 310.30 does not allege a violation of a federally protected right.")).

for relief which cannot support vacatur under Rule 60(b)(6). In other words, to the extent that Brown's Rule 60(b)(6) motion attempts to asserts a Federal basis for relief from a State court conviction, it is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531.

Section 2244(b) of Title 28 of the United States Code, as amended by AEDPA, sets forth several requirements for the filing of a second or successive habeas corpus application, including a purported Rule 60(b) motion that must be treated as a second or successive petition under Gonzalez, 545 U.S. at 531. Of particular relevance here, Section 2244(b) states that

> (A) [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .

28 U.S.C. § 2254(b)(3)(A). The district court does not have subject matter jurisdiction over any second or successive habeas petition until such time as the relevant circuit court of appeals determines that the new petition makes a prima facie showing of the requisite elements listed in 28 U.S.C. § 2244(b)(2)(A) or (B). See, e.g., United States v. Gallegos, 142 F.3d 1211 (10th Cir. 1998) (defendant's third § 2255 motion was filed after April 24, 1996, the effective date of AEDPA; therefore, he was required to obtain prior authorization from the circuit court before filing in the district court; however, defendant failed to obtain this

-8-

authorization and the district court lacked subject matter jurisdiction to decide defendant's third § 2255; accordingly, the district court's order denying the motion must be vacated) (citation omitted).

The Second Circuit has held that "when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice. . . ." Liriano v. United States, 95 F.3d 119, 123 (2d Cir.1996) (per curiam). The district court "always has the alternative of simply denying, as beyond the scope of Rule 60(b) . . . the portion believed to present new attacks on the conviction." Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). Here, Brown has already asked the Second Circuit for leave to file a second or successive petition based on the two jury notes. That court rejected his motion in a summary order as follows:

> Petitioner's claims are based on two jury notes that were submitted to the trial judge. Assuming that evidence "could not have been discovered previously through the exercise of due diligence," Petitioner has failed to make a showing that "the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). The proffered evidence relates to the jury deliberation process, and possible juror bias, but has no bearing on whether Petitioner committed the charged offense; a reasonable factfinder could still find Petitioner guilty based on the evidence presented at

-9-

trial.

Summary Order at 1, Brown v. Rivera, 19-536 (2d Cir. May 6, 2019). It is highly unlikely that the Second Circuit will now permit a successive habeas petition based on the same factual predicate it found did not fulfill the requirements of § 2244(b)(2) a mere three months ago. Therefore, in the interest of judicial economy, the Court declines to transfer the Rule 60(b)(6) Motion to the Second Circuit. The Court instead denies the second ground raised by Brown in the instant motion as outside the scope of Rule 60(b).

### 3. Ineffective Assistance of Appellate Counsel

Brown next contends that his appellate counsel rendered ineffective assistance on direct appeal by failing to properly investigate and file a complete record on appeal and failing to raise the following arguments: trial counsel was ineffective in failing to object to the violation of CPL § 310.30; and the trial court violated Browns's State and Federal constitutional right to a fair trial by an impartial jury. See Rule 60(b)(6) Motion at 13. As is the case with ground two, ground three "present[s] new attacks on the conviction" and therefore is "beyond the scope of Rule 60(b)," Gitten, 311 F.3d at 534. Therefore, it is denied. Finally, the Court declines to transfer this branch of the motion to the Second Circuit out of the same concerns for judicial economy discussed in the foregoing section.

## III. Conclusion

For the foregoing reasons, the Rule 60(b)(6) Motion is denied. Brown has not fulfilled the requirements of obtaining a certificate of appealability, the Court declines to issue one. See Kellogg v. Strack, 269 F.3d 100, 103-04 (2d Cir. 2001) (per curiam) (citing 28 U.S.C. § 2253(c)).

**SO ORDERED**

*S/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: September 3, 2019
Rochester, New York